IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DOUGLAS BERNARD CLINCY, #45044                                             PLAINTIFF

VERSUS                                                  CIVIL ACTION NO. 4:05cv177TSL-JCS

GEO GROUP, INC., et al.                                           DEFENDANTS

ORDER

Upon consideration of the pleadings submitted pursuant to 42 U.S.C. § 1983 in the above entitled action the court makes the following findings and conclusions. The plaintiff is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the East Mississippi Correctional Facility (EMCF), Meridian, Mississippi. The named defendants are: GEO Group, Inc., a private corporation that operates EMCF; George C. Zoley, member of the Board of Directors for GEO Group, Inc.; John M. Perzel, member of the Board of Directors for GEO Group, Inc.; Wayne H. Calabrese, member of the Board of Directors for GEO Group, Inc.; Larry Greer, Warden at EMCF; A. Herrena, Warden of Security at EMCF; Faye Noel, MDOC Contract Monitor for EMCF; Sandra Atwood, Medical Director at EMCF; and Amy Simon, law librarian at EMCF.

On June 9, 2006, the plaintiff filed a response [doc. 15] to a court order to amend [doc. 14]. In this response, the plaintiff request the addition of Lieutenant L. Bennett as a defendant. The court will allow Bennett to be added as a defendant.

Background

The plaintiff alleges that he was stabbed 10 to 20 times by another inmate at EMCF. The plaintiff's complaints involve the defendants' alleged failure to protect the plaintiff from

this attack and their alleged failure to provide adequate medical care. The plaintiff alleges that defendant Simon has denied him access to the courts as the law librarian.

The plaintiff, as a prisoner proceeding in forma pauperis, is required to exhaust his available state remedies prior to filing suit under 42 U.S.C. § 1983.[1] As a prisoner of MDOC, the plaintiff is required to complete the department's administrative remedy program (ARP). The plaintiff attaches a certificate of completion of the program [doc. 7] regarding claims related to the stabbing incident. The plaintiff has failed to demonstrate exhaustion of his claims regarding the denial of access to the courts asserted against defendant Simon. As such, these claims will be dismissed from this action, without prejudice. Accordingly, it is hereby

ORDERED:

1. That defendant Simon and the claims asserted against her concerning the denial of access to the courts are dismissed without prejudice.

2. That Lieutenant L. Bennett of EMCF, 10641 Hwy 80 West, Meridian, Mississippi 39307, is added as a defendant in this case.

3. That the plaintiff within 20 days of the date of this order shall provide this court with the civil action number of every civil action or appeal which the plaintiff has had dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted. Plaintiff shall also provide the name of the court and name(s) of defendant(s) in each civil action identified.

---

[1] The controlling statute, 42 U.S.C. § 1997e, provides in clear language that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

4.  That the United States District Clerk is directed to issue summons to defendants: GEO Group, Inc.; George C. Zoley; John M. Perzel; Wayne H. Calabrese; Larry Greer; A. Herrena; Faye Noel; Sandra Atwood; and L. Bennett, <u>requiring a response to the complaints</u>.[2]  The Clerk is directed to attach a copy of this order to each complaint [doc. 1] and the responses [docs. 7, 9, 15 and 16] that will be served on the named defendants.  Since the plaintiff was granted in forma pauperis status, Federal Rule of Civil Procedure 4(c)(2) requires the U.S. Marshal to serve the summons, and this court further orders such pursuant to 28 U.S.C. § 1915(d) and Uniform Local Rule 4.1(B).

5.  That each defendant file their answer or other responsive pleading in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court.

6.  That subpoenas shall not be issued except by order of the court.  The United States District Clerk shall not issue subpoenas upon request of the pro se litigant, but shall instead forward the request to the Magistrate Judge assigned to this cause for review.  The plaintiff shall submit all request for the issuance of subpoenas to the Magistrate Judge's office for review.

The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this court that the claims contained in the complaint will or will not be determined to be meritorious.

It is the plaintiff's responsibility to prosecute this case.  Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as

---

   For the issuance of summons, the Clerk shall use the address of each defendant as provided by the plaintiff in his original complaint.

a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

    SO ORDERED, this the  17th   day of July, 2006.


                     /s/ Tom S. Lee
                     UNITED STATES DISTRICT JUDGE