**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DOUGLAS BERNARD CLINCY**                                                        **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 4:05CV177LA**

**GEO-GROUP INC.-COR., GEORGE C.**
**ZOLEY, JOHN M. PERZEL, WAYNE H.**
**CALABRESE, LARRY GREER, A.**
**HERRERA, FAYE NOEL, SANDRA**
**ATWOOD and L. BENNETT**                                                        **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 29th day of January, 2007, at the James O. Eastland Federal Courthouse in Jackson, Mississippi. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Lee Thaggard and John Clay. The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference. The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

   1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Clincy's claims are based upon an incident that occurred in the maximum security unit at the East Mississippi Correctional Facility,

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

1

while he was being escorted from the shower by two officers. Clincy was handcuffed at the time, as is the policy for D-custody inmates when they are outside their cells. Another inmate, Terrence Cole, who Clincy believes was also D-custody, ran up behind him, armed with a shank, and stabbed him in the head, neck and back. The officers who were escorting Clincy left the area when the attack began. According to Clincy, the officer running the control board did not call for help; when other officers were finally summoned, they were sent to the wrong unit. He stated that the officer who was responsible for running the control board, Defendant Bennett, had a relationship with Cole. Ultimately, Clincy said he faked being dead, and the inmate attacking him threw the shank away and lay down on the floor. By this time, several officers were outside the door yelling "stop that."

Inmate Cole has since been moved to another facility. The assault was turned over to the Lauderdale County District Attorney, who is prosecuting the case, although it has not yet come to trial. Clincy believes the assault was a set-up planned by correctional officers. Although he testified that he and Cole never had words prior to the incident, Cole began the attack with the statement, "I've got you now." However, Clincy also testified that Cole had a homemade shank taken from him a week or so before the incident and that Cole had threatened other inmates. Clincy said that he was taken to Rush Hospital after the incident, where he received stitches, but he complains about the medical attention he received at the institution when he returned, including the medication given to him. He testified that his head hurts all the time, and he has pain in his neck and back. He also said that the attack has made him paranoid, so that he overreacts because he thinks people are trying to hurt him and he doesn't trust anybody. Clincy testified that he was told during the grievance process that there was a videotape of the incident.

    2.    **<u>DISCOVERY ISSUES and PENDING MOTION</u>**

Defense counsel provided a copy of Clincy's medical records to him and to the court at the Omnibus Hearing. These records may be authenticated by affidavit for use in support of subsequent motions or at trial, where they may be admitted as a general exhibit. No testimony from a physician or other health care provider will be required at trial. The Defendants will also provide the Plaintiff and the court with any documents related to grievance or disciplinary proceedings regarding this incident. If there is a videotape of the incident, that will also be provided to the court and to the Plaintiff. The Defendants should also produce copies of any reports of a threat of attack or an actual attack by Inmate Cole on any other inmates prior to the incident, as well as documents indicating Cole's custody status at the time of the attack on Clincy. Finally, the Defendants will produce a copy of the institution's policies on restraining D-custody inmates. There are no other discovery matters pending, except for those set forth herein, which will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

    **3.**    **TRIAL WITNESSES**

The Plaintiff was instructed to submit to the court a list of inmate witnesses, not to exceed three, to testify on his behalf at the trial of this matter. The court understands that the Plaintiff wishes to call Tavachie Rankin as a witness, and he should be included on the list. When a trial date is set, the court will order that subpoenas *ad testificandum* issue for those persons, as long as they are still in the custody of MDOC at the time.

The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each

witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

**4.     PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the Defendants shall produce the records described above to the Plaintiff by February 28, 2007.  The deadline for submitting motions in this matter is March 30, 2007.  If necessary, the trial will be scheduled after that date.

IT IS SO ORDERED, this the 6th day of February, 2007.

                                                  S/Linda R. Anderson
                                     UNITED STATES MAGISTRATE JUDGE